**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Hummingbird Defense Systems, Inc., a Nevada Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Simon Ye and Eleanor Shum, husband and wife,<br><br>　　　　　Defendant. | No. CV06-2152-PHX-JAT<br><br>**ORDER** |

Plaintiff has sued for breach of contract and misappropriation of trade secrets. (Dkt. # 1). Defendant has filed a Motion To Dismiss For Lack Of Jurisdiction And Improper Venue. (Dkt. # 9). Additionally, the court has considered Plaintiff's Response To Motion To Dismiss For Lack Of Jurisdiction And Improper Venue (Dkt. #10) and Defendant's Reply In Support Of Motion To Dismiss For Lack Of Jurisdiction And Improper Venue (Dkt. # 13). The Court now rules on the Motion to Dismiss.

**Background**

Plaintiff is a Nevada corporation that has its principal place of business in Arizona. Defendants are residents of California. Plaintiff manufactures and sells facial recognition security systems. Defendant Ye came to Arizona twice to familiarize himself with the

Plaintiff's system.[1]  Mr. Ye visited Arizona twice in 2002. Each time he stayed for the duration of one day.  Neither party has alleged that any negotiations took place during Mr. Ye's visits to Arizona.  The parties dispute whether while in China the Defendant received and signed a contract for the Plaintiff's security equipment. Plaintiff acknowledges that the entire contract was to be performed in China.

**Legal Analysis**

**Personal Jurisdiction**

The plaintiff bears the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir. 1995) (citing *Farmer Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990)).  A defendant may move prior to trial to dismiss a complaint for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2); *see, e.g., Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir.  1977) (citing Rule 12(b)(2)).  When a defendant moves to dismiss a compliant for lack of personal jurisdiction, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction" over the defendant.  *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001).

Because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute applies to this case. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995) (citing *Core-Vent Corp. AB v. Nobel Indus.*, 11 F.3d 1482, 1484 (9th Cir. 1993)).  Arizona's long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution.  Ariz. R. Civ. P. 4.2(a); *see Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Absent traditional bases for personal jurisdiction (i.e. physical presence, domicile, and consent), the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does

---

[1] Plaintiff has sued Mr. Ye's wife, Eleanor Shum, to comply with Arizona's community property rules. Plaintiff has not alleged that she has had any contacts with in Arizona. The Court therefore will address only Mr. Ye's activities.

- 2 -

1 not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties or relations.'" *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269-70 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-471 (1985)).

In determining whether a defendant has minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on "the relationship among the defendant, the forum, and the litigation." *Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 860 (D. Ariz. 1999) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). If a court determines that the defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, the court must exercise either "general" or "specific" jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 nn. 8-9 (1984). The nature of the defendant's contacts with the forum state will determine whether the court exercises general or specific jurisdiction over the defendant. *Id.*

### 1. General Jurisdiction

A court may assert general jurisdiction over a nonresident defendant "[i]f the defendant's activities in the state are 'substantial' or 'continuous and systematic,' ...even if the cause of action is unrelated to those activities." *Doe*, 112 F.3d at 1050-51 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1396* (9th Cir. 1986)).

Plaintiff did not assert an argument in support of general jurisdiction, Mr. Ye argues that he does not have "substantial" or "continuous and systematic" contacts with Arizona. Mr. Ye does not own property or maintain an office in Arizona. Because Mr. Ye's activities in the forum state are not sufficiently substantial, this Court cannot assert general jurisdiction over him.

**2. Specific Jurisdiction**

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction. Under this three-part test, specific jurisdiction exists only if: (1) the defendant purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposefully directed conduct at the forum that had effects in the forum; (2) the claim arises out of defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997)).

**a. Purposeful Availment and Effects Test**

In discussing the specific jurisdiction test, the United States Supreme Court has long emphasized that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The Supreme Court has held that a court may also have specific jurisdiction over a defendant where the intended effects of the defendant's non-forum conduct were purposefully directed at and caused harm in the forum state. *Calder v. Jones*, 465 U.S. 783, 788-90 (1984).

Plaintiff alleges that a contract was shipped to China for Mr. Ye's review and was to be performed entirely in China. Plaintiff does not allege that the contract was signed in Arizona or that any contract negotiations took place in Arizona. No allegations of breach of contract while in Arizona have been made. Plaintiff fails to show that their claims are materially related to activities that were conducted in or directed at Arizona. Plaintiff does not identify any conduct by Mr. Ye that took place in Arizona that adequately supports the availment concept. Mr. Ye's contacts with the forum state are not sufficient to satisfy the Due Process clause. Visiting Arizona, for a total of two days, to familiarize himself with the Plaintiff's product, is not in itself enough to constitute purposeful availment of the Plaintiff's

forum. For the Court to find specific jurisdiction over the Defendant, Mr. Ye's conduct must satisfy each prong of the Ninth Circuit's three-prong test. Plaintiff has not demonstrated that Mr. Ye's conduct satisfies the first prong. The nonetheless will analyze the second prong as an additional and alternative basis for dismissal.

### b. Claim Arises Out of Activities

The Ninth Circuit has adopted a "but for" test to determine whether a plaintiff's cause of action arises out of the defendant's forum-related activities. *Doe*, 112 F.3d at 1051; *see Omeluk*, 52 F.3d at 271. The "arising out of" requirement is met, if but for the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Tarracom*, 49 F.3d at 561.

The "but for" test is not satisfied here as the cause of action does not arise out of the Mr. Ye's forum related activities. Plaintiff has not shown that absent Mr. Ye visiting Arizona to familiarize himself with the Plaintiff's product the breach of contract or misappropriation of trade secrets would not have arisen. The claims do not arise out of the simple act of coming to Arizona to look at products. Plaintiff bears the burden of establishing personal jurisdiction and has failed to allege adequate facts to meet that burden.

**Conclusion**

Plaintiff did not satisfy the first and second prongs of the Ninth Circuit's three-part test for specific jurisdiction. It is unnecessary to analyze the third prong of the test because each prong must be satisfied in order for the Court to exert personal jurisdiction over Defendants.[2] Additionally, because the Court cannot exercise personal jurisdiction over the Defendants, Defendants' improper venue argument is moot and need not be analyzed.

///

Accordingly,

---

[2] Because Plaintiff has not satisfied the requirements of personal jurisdiction with regard to Mr. Ye, it cannot satisfy the requirements as to Ms. Shum.

1  IT IS ORDERED granting Defendants' Motion To Dismiss For Lack Of Jurisdiction And
2  Improper Venue (Doc. #9).
3  DATED this 26th day of June, 2007.

                                      */s/ James A. Teilborg*
                                      James A. Teilborg
                                      United States District Judge