**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Hummingbird Defense Systems, Inc., a Nevada Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Simon Ye and Eleanor Shum, husband and wife,<br><br>    Defendant. | No. CV06-2152-PHX-JAT<br><br>**ORDER** |

On September 8, 2006, Plaintiff filed a Complaint alleging breach of contract and misappropriation of trade secrets. (Doc. #1.) On June 26, 2007, this Court granted Defendants' Motion to Dismiss on the ground of lack of personal jurisdiction. (Doc. #18.) The Clerk entered judgment dismissing the action on June 27, 2007. (Doc. #19.) On July 9, 2007, Defendants timely filed a Motion for Award of Attorneys' Fees under A.R.S. §12-341.01. (Doc. #20.) Plaintiffs subsequently filed a Motion to Strike Defendants' Motion for Award of Attorneys Fees. (Doc. # 29.) This Court has reviewed the parties Motions and now denies Plaintiff's Motion to Strike and grants Defendants' Motion for Award of Attorneys' Fees in the amount of $7,263.00.

**I.      Procedural Requirements for a Motion for Attorney Fees**

A party that wishes to make a claim for attorney fees must do so by motion within fourteen days after entry of judgment, must specify the judgment and the grounds entitling

the moving party to relief, and must either state the amount (or provide an estimate) of relief claimed. Fed. R. Civ. P. 54(d)(2)(B). "By local rule the court may establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings." Fed. R. Civ. P. 54(d)(2)(D). United States District Court, District of Arizona Local Rules provide that unless otherwise ordered by the court, a moving party that complies with the requirements of Fed. R. Civ. P. 54(d)(2)(B) has sixty days from the date judgment is entered to file a memorandum of points and authorities in support of its motion, along with all the supporting documentation required by paragraph (d) of Local Rule 54.2. LRCiv 54.2(b). Local Rule 54.2(c) specifies the format and required content of the supporting memorandum of points and authorities. Local Rule 54.2(d) specifies the documentation the moving party must attach to its memorandum of points and authorities to support its motion for attorney fees.

**A.      Defendants' Motion for Award of Attorney Fees**

In this case, the Clerk of the Court entered judgment terminating Plaintiff's action for lack of personal jurisdiction on June 27, 2007. (Doc. #19.) Defendants filed their Motion for Award of Attorneys' Fees on July 9, 2007 (Doc. #20), prior to the end of the fourteen-day period the Rules allow for filing that motion. Defendants' Motion specified the judgment for which attorney fees were claimed, identified the Arizona statute entitling Defendants to relief, and stated an initial claim for attorney fees of $6,119.25. (*Id.* at 1-2.) Defendants also attached copies of the billing records to support the amount of relief claimed (*Id.* at Ex. A.), as well as an affidavit from moving counsel (*Id.* at Ex. B.). Based on the foregoing, this Court finds Defendants' Motion for Award of Attorneys' Fees was timely filed and properly made in accordance with Fed. R. Civ. P. 54(d)(2)(B) and LRCiv 54.2(b)(1).

**B.      Plaintiff's Motion to Strike**

Plaintiff objected to Defendants' Motion for Award of Attorneys' Fees by filing a Motion to Strike. (Doc. #29.) Plaintiff argued that Defendants' memorandum of points and authorities supporting their Motion for Award of Attorneys' Fees failed to comply with Local

- 2 -

1  Rules 54.2(c) and 54.2(d) and urged that this Court should strike Defendants' Motion as a
2  result. (*Id.* at 1-3.) Plaintiff did not raise any other objections to Defendants' Motion.

3   If a motion for attorney fees is timely filed, Local Rule 54.2(b)(2) provides the moving
4  party sixty days from the date judgment is entered to file a memorandum of points and
5  authorities and supporting documentation that comply with LRCiv 54.2(c) and LRCiv
6  54.2(d). Defendants having timely and properly filed their Motion, and in the absence of
7  contrary direction from this Court, were entitled to take the time provided for in the Local
8  Rule to submit the documentation required for this Court to properly consider their Motion.
9  As such, Plaintiff's Motion to Strike for failure to comply with LRCiv 54.2(c) and LRCiv
10 54.2(d) was premature. Defendants filed their Reply supporting their Motion for Award of
11 Attorneys' Fees on August 13, 2007, correcting the deficiencies Plaintiff complained of in
12 its Motion to Strike, well within the sixty days allotted. (Doc. #30.)

13  Defendants' Reply, while brief, provided enough information when considered together
14 with Defendants' Motion to provide this Court with the information required to determine
15 the merit of Defendants' Motion. The level of detail contained in Defendants' Reply was
16 commensurate with the complexity of the underlying judgment giving rise to Defendants'
17 claim for relief. As a result, this Court finds that Defendants' Motion for Award of
18 Attorneys' Fee (Doc. # 20.) and Defendants' Reply in Support of Motion for Award of
19 Attorneys' Fees (Doc. #30.), considered together, satisfy the substantive requirements of
20 LRCiv 54.2(c) and 54.2(d). Plaintiff's Motion to Strike for failure to comply with LRCiv
21 54.2(c) and 54.2(d) is denied.

22 **II. Attorney Fees Under Arizona Law**

23  Under Arizona law, "[i]n any contested action arising out of a contract, express or implied,
24 the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12-
25 341.01. In construing A.R.S. § 12-341.01, the Arizona Supreme Court held that attorney fees
26 may include fees for legal services provided by an attorney, legal assistant, or law clerk, as
27 well as the cost of computerized legal research, but do not include direct litigation expenses

28

- 3 -

such as photocopying, telephone calls, or messenger and delivery services. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 107-09 (Ariz. 1999) (holding that the direct litigation costs a successful party may recover under A.R.S. § 12-341 are limited to those costs specifically enumerated in A.R.S. § 12-332). A successful party may recover "a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 932 (Ariz. App. 1983). Such services include preparing post-decision motions. *Id.*

In this case, Defendants claim attorney fees in the amount of $7,263.00. (Doc. #30.) This figure includes fees for legal services (attorney and paralegal) in the amount of $6,119.25 to defend the initial action and to file Defendants' Motion, as well as fees for legal services (attorney) in the amount of $1,143.75 to respond to Plaintiff's Motion to Strike. (Doc. #20 at Ex. A; Doc. #30.) While Defendants' billing statement reflects a charge for other direct litigation expenses (Doc. #20 at Ex. A.), Defendants have not included these expenses in their claim for attorney fees.[1] To determine the propriety of Defendants' Motion for Award of Attorneys' Fees, this Court must consider whether the initial action arose out of a contract, whether Defendants were the successful party under Arizona law, whether the award of attorney fees is appropriate, and whether the fees claimed are reasonable.

**A.      Arising Out of a Contract**

Under Arizona law, a court must consider "the essence of the action to determine whether it arises out of a contract." *ASH, Inc. v. Mesa Unified Sch. Dist No. 4*, 673 P.2d 934, 937 (Ariz. Ct. App. 1983). In its Complaint, Plaintiff alleged, *inter alia*, breach of contract. (Doc. #1.) In its response to Defendants' Motion for Award of Attorneys' Fees, Plaintiff did

---

[1] Based upon the discussion in the previous paragraph, such a claim would not be permissible under Arizona law.

- 4 -

not dispute that the action upon which Defendants base their claim for attorney fee was an action in contract. Therefore, this Court finds that Defendants have satisfied the requirement that their claim be based upon an action that arose out of a contract.

### B.        Successful Party Status

Under Arizona law, where an action has been dismissed without prejudice, the defendant is still considered a "successful party" for purposes of A.R.S. § 12-341.01. *Mark Lighting Fixture Co. v. General Elec. Supply Co.*, 745 P.2d 123, 129 (Ariz. Ct. App. 1986), *vacated on other grounds*, 745 P.2d 85 (Ariz. 1987); *see also Harris v. Reserve Life Ins. Co.*, 762 P.2d 1334, 1339 (Ariz. Ct. App. 1988) ("The fact that the action is dismissed without prejudice and that plaintiff can refile is not relevant."). In this case, Defendants prevailed in their Motion to Dismiss on the ground of lack of personal jurisdiction and judgment was entered dismissing Plaintiff's action without prejudice. (Doc. #18, #19.) Plaintiff has not disputed Defendants' status as the "successful party." Therefore, this Court finds that Defendants have satisfied the requirement that they be the successful party in an action that arose out of a contract.

### C.        Appropriateness of Attorney Fee Award

The trial court has broad discretion under A.R.S. § 12-341.01 to determine whether to award attorney fees to a successful party. *Associated Indem. Corp. v. Warner,* 694 P.2d 1181, 1184 (Ariz. 1985). The Arizona Supreme Court has suggested that trial courts consider the following factors when determining whether an award of attorney fees is appropriate: (1) the merits of the unsuccessful party's claim; (2) whether the action could have been avoided or settled; (3) whether the award of attorney fees would cause extreme hardship; (4) the extent to which the successful party prevailed with respect to the relief it sought; (5) the novelty of the legal question presented; (6) whether the unsuccessful party's claim had previously been adjudicated in this jurisdiction; (7) whether an award of attorney fees in this case would chill the pursuit of other tenable claims for fear of incurring liability for attorney fees. *Id.*

In this case, this Court did not reach the merits of the Plaintiff's case since the action was dismissed for lack of personal jurisdiction. (Doc. # 18.) The action before this Court arguably could have been avoided had Plaintiff first ascertained Defendants' citizenship prior to bringing suit. Since Plaintiff has not disputed the appropriateness of an award of attorney fees, there is no evidence that such an award would cause extreme hardship to the Plaintiff. Defendants were fully successful in obtaining the relief they sought before this Court as the action was dismissed for lack of personal jurisdiction. There was nothing particularly novel about the Plaintiff's cause of action nor was it a claim that had not been previously adjudicated in the state of Arizona. The award of the attorney fees requested is unlikely to chill the bringing of other tenable claims for breach of contract, but it may have the beneficial effect of encouraging Plaintiffs to be more diligent in their investigations before hailing nonresidents before a foreign court. Therefore, this Court finds that the circumstances of this case are such that an award of attorney fees is appropriate.

**D.        Reasonableness of Attorney Fees**

This Court makes its reasonableness determination by considering the nature of the legal services provided and the billing rates charged for those services. Under Arizona law, "in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Schweiger v. China Doll Restaurant, Inc.,* 673 P.2d 927, 931-32 (Ariz. App. 1983). "In order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Id.* at 932.

This Court finds the 2006 billing rates for legal services provided by Defendants' attorney and paralegal ($275 per hour and $65 per hour respectively) as agreed to in the signed fee agreement to be reasonable under the standard put forth in *Schweiger*. This Court further finds that the fee agreement provided for periodic rate adjustments and that the increased

rates for 2007 ($305 per hour and $75 per hour respectively) are likewise reasonable. This Court has reviewed the time incurred to provide Defendants' legal services and finds that the time incurred to defend the initial action (attorney: 20 hrs; paralegal 2.7 hrs), to prepare the motion for attorney fees (attorney: 1.5 hrs), and to respond to Plaintiff's Motion to Strike (attorney: 3.75 hrs) are also reasonable given the circumstances of this case. In addition, Plaintiff has not disputed the reasonableness of the attorney fees claimed. Therefore, this Court finds that the Defendant has met the reasonableness requirement for the attorney fees claimed.

### III.     Conclusion

Based on the foregoing,

IT IS ORDERED that Defendant's Motion for Award of Attorneys' Fees (Doc. #20) is GRANTED.

IT IS FURTHER ORDERED that Defendant is awarded $7,263.00 in attorney fees.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment in the amount of $7,263.00 plus interest from the date of judgment until paid, in favor of Defendants Simon Ye and Eleanor Shum and against Plaintiff Hummingbird Defense Systems, Inc.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Motion for Award of Attorneys Fees (Doc. #29) is DENIED.

DATED this 27th day of November, 2007.

James A. Teilborg
United States District Judge